Anthony R. Portesy, Esq (AP-1986)
Varacalli & Hamra LLP
32 Broadway, Suite 1818
New York, NY 10004
Telephone: (646) 619-4012
Facsimilie (646)619-4012
Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUAN MANUEL ROMAN PEREZ and RAMIRO ROJAS ROMAN, *individually and on behalf of others similarly situated*,<br><br>Plaintiff,<br><br>-against-<br><br>SUNFLOWER AMSTERDAM LLC (D/B/A SUNFLOWER CAFÉ), MEUSHAR GILAD, ERAN SHAPIRA, and MEIR MOSHE,<br><br>Defendants. | **Civil Action No: 18-cv-05875-ER**<br>**ANSWER TO COMPLAINT** |

Defendants, SUNFLOWER AMSTERDAM LLC d/b/a SUNFLOWER CAFE (hereinafter referred to as "CORPORATE DEFENDANTS"), and MEUSHAR GILAD, ERAN SHAPIRA, and MEIR MOSHE (hereinafter referred to as "INDIVIDUAL DEFENDANTS"), (collectively "Defendants"), by their attorneys, Varacalli & Hamra, LLP, for their Answer to the Complaint herein allege as follows:

**NATURE OF THE ACTION**

1. Defendants admit the allegations contained in paragraph 1 of the Complaint to the extent that Plaintiffs worked for Defendants.

2. Defendants deny the allegations contained in paragraph 2 of the Complaint, except admit that Corporate Defendants conducts business as a restaurant in Manhattan under the name Sunflower Café.

3. Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint, except admit that Plaintiffs worked for Defendants.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint, except admit that Plaintiffs worked for Defendants.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint, except admit that Plaintiffs worked for Defendants.

7. Defendants deny the allegations contained in paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint

17. Defendants deny the allegations contained in paragraph 17 of the Complaint

18. Defendants admit that Plaintiffs purport to proceed as set forth in paragraph 18, but deny that Plaintiffs are entitled to any relief whatsoever and denies any factual allegations and claims contained therein.

19. Defendants admit that Plaintiffs purport to proceed as set forth in paragraph 19, but deny all allegations set forth therein.

## JURISDICTION AND VENUE

20. Defendants admit the allegations contained in paragraph 20 of the Complaint, as to subject matter Jurisdiction over this case pursuant to the federal claims, but deny supplemental Jurisdiction over the NYLL claims.

21. Defendants admit the allegations contained in paragraph 21 of the Complaint to the extent that venue is proper with regard to the allegations set forth herein, but categorically deny said allegations.

## PARTIES

22. Defendants admit the allegations contained in paragraph 22 of the Complaint to the extent that Plaintiff worked for Defendants and that Plaintiff is an adult residing in Bronx County, New York, but deny all other allegations set forth therein.

23. Defendants admit the allegations contained in paragraph 23 of the Complaint to the extent that Plaintiff worked for Defendants and that Plaintiff is an adult residing in New York County, New York, but deny all other allegations set forth.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint, except admit that Corporate Defendants conducts business as a restaurant in Manhattan under the name Sunflower Café.

25. Defendants admit the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

## FACTUAL ALLEGATIONS

29. Defendants deny the allegations contained in paragraph 29 of the Complaint, except admit that Corporate Defendants conducts business as a restaurant in Manhattan under the name Sunflower Café.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint, except that Plaintiff worked for Defendants.

40. Defendants admit that Plaintiffs purport to proceed as set forth in paragraph 40, but deny all other allegations set forth therein.

*Plaintiff Juan Manuel Roman Perez*

41. Defendants deny the allegations contained in paragraph 41 of the Complaint, except that Plaintiff worked for Defendants.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

*Plaintiff Ramiro Rojas Roman*

65. Defendants deny the allegations contained in paragraph 65 of the Complaint, except that Plaintiff worked for Defendants.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

*Defendants' General Employment Practices*

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in paragraph 95 of the Complaint.

96. The allegations set forth in paragraph 96 of the Plaintiff's Complaint constitute an alleged statement of law to which no response is required.

97. Defendants deny the allegations contained in paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in paragraph 102 of the Complaint.

103. The allegations set forth in paragraph 103 of the Plaintiff's Complaint constitute an alleged statement of law to which no response is required.

104. Defendants deny the allegations contained in paragraph 104 of the Complaint.

105. Defendants deny the allegations contained in paragraph 105 of the Complaint.

106. Defendants deny the allegations contained in paragraph 106 of the Complaint.

107. Defendants deny the allegations contained in paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in paragraph 108 of the Complaint.

109. Defendants deny the allegations contained in paragraph 109 of the Complaint.

110. Defendants deny the allegations contained in paragraph 110 of the Complaint.

## **FLSA COLLECTIVE ACTION CLAIMS**

111. Paragraph 111 of the Complaint is an allegation which no response is required, to the extent a response is required, Defendants deny all allegations.

112. Defendants deny the allegations contained in paragraph 112 of the Complaint.

113. Defendants deny the allegations contained in paragraph 113 of the Complaint.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

114. In regard to allegations set forth in paragraphs 114 of the Plaintiff's Complaint, deny said allegations and otherwise state that the herein action cannot satisfy the requirements for class certification as same are set forth in Fed. R. Civ. P. 23.

115. Defendants admit that Plaintiffs purport to proceed as set forth in paragraph 115, but deny that Plaintiff is entitled to any relief whatsoever and denies any factual allegations and claims contained therein.

116. Defendants deny the allegations contained in paragraph 116 of the Complaint.

117. Defendants deny the allegations contained in paragraph 117 of the Complaint.

118. Defendants deny the allegations contained in paragraph 118 of the Complaint.

119. Defendants deny the allegations contained in paragraph 119 of the Complaint.

120. Defendants deny the allegations contained in paragraph 120 of the Complaint.

121. Defendants deny the allegations contained in paragraph 121 of the Complaint.

122. Defendants deny the allegations contained in paragraph 122 of the Complaint.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

123. The allegations set forth in paragraph 123 of the Complaint does not require a response.

124. Defendants deny the allegations contained in paragraph 124 of the Complaint.

125. Defendants deny the allegations contained in paragraph 125 of the Complaint.

126. Defendants deny the allegations contained in paragraph 126 of the Complaint.

127. Defendants deny the allegations contained in paragraph 127 of the Complaint.

128. Defendants deny the allegations contained in paragraph 128 of the Complaint.

129. Defendants deny the allegations contained in paragraph 129 of the Complaint.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISION OF THE FLSA

130. The allegations set forth in paragraph 130 of the Complaint does not require a response.

131. Defendants deny the allegations contained in paragraph 131 of the Complaint.

132. Defendants deny the allegations contained in paragraph 132 of the Complaint.

133. Defendants deny the allegations contained in paragraph 133 of the Complaint.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

134. The allegations set forth in paragraph 134 of the Complaint does not require a response.

135. Defendants deny the allegations contained in paragraph 135 of the Complaint.

136. Defendants deny the allegations contained in paragraph 133 of the Complaint.

137. Defendants deny the allegations contained in paragraph 133 of the Complaint.

138. Defendants deny the allegations contained in paragraph 138 of the Complaint.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

139. The allegations set forth in paragraph 139 of the Complaint does not require a response.

140. Defendants deny the allegations contained in paragraph 140 of the Complaint.

141. Defendants deny the allegations contained in paragraph 141 of the Complaint.

142. Defendants deny the allegations contained in paragraph 142 of the Complaint.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

143. The allegations set forth in paragraph 143 of the Complaint does not require a response.

144. Defendants deny the allegations contained in paragraph 144 of the Complaint.

145. Defendants deny the allegations contained in paragraph 145 of the Complaint.

146. Defendants deny the allegations contained in paragraph 146 of the Complaint.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

147. The allegations set forth in paragraph 147 of the Complaint does not require a response.

148. Defendants deny the allegations contained in paragraph 148 of the Complaint.

149. Defendants deny the allegations contained in paragraph 149 of the Complaint.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

150. The allegations set forth in paragraph 150 of the Complaint does not require a response.

151. Defendants deny the allegations contained in paragraph 151 of the Complaint.

152. Defendants deny the allegations contained in paragraph152 of the Complaint.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

153. The allegations set forth in paragraph 153 of the Complaint does not require a response.

154. Defendants deny the allegations contained in paragraph 154 of the Complaint.

155. Defendants deny the allegations contained in paragraph 155 of the Complaint.

## NINTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION OF THE NEW YORK LABOR LAW

156. The allegations set forth in paragraph 156 of the Complaint does not require a response.

157. Defendants deny the allegations contained in paragraph 157 of the Complaint.

158. The allegations set forth in paragraph 158 of the Plaintiff's Complaint constitute an alleged statement of law to which no response is required.

159. Defendants deny the allegations contained in paragraph 159 of the Complaint.

160. Defendants deny the allegations contained in paragraph 160 of the Complaint.

161. Defendants deny the allegations contained in paragraph 161 of the Complaint.

## TENTH CAUSE OF ACTION

**VIOLATION OF THE TIMELY PAYMENT PROVISIONS OF THE NEW YORK LABOR LAW**

162. The allegations set forth in paragraph 162 of the Complaint does not require a response.

163. Defendants deny the allegations contained in paragraph 163 of the Complaint.

164. Defendants deny the allegations contained in paragraph 164 of the Complaint.

## AFFIRMATIVE DEFENSES

165. Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants, Defendants assert the following defenses and reserve the right to amend and add further defenses.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

166. Plaintiffs fail to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

167. Plaintiffs' Complaint should be dismissed, in whole or in part, to the extent that it is barred by the applicable statutes of limitation or the failure to exhaust administrative remedies.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

168. Plaintiffs; claims, or the claims of the proposed class or collective, are in whole or in part *de minimis.*

### AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

169. Plaintiffs' claims are barred or should be reduced, in whole or in part, due to Plaintiffs' failure to use such means as are reasonable under the circumstances to avoid or minimize the damages that they allege, mitigate the alleged damages, or avail themselves of preventative or remedial measures.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

170. Plaintiffs' claims may be barred to the extent the Plaintiff knowingly and intentionally did not complain of any alleged wage and hour violations to Defendants in bad faith to purposefully precipitate a claim.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

171. Plaintiffs' claim for damages are barred or limited by Defendants' good faith efforts to comply with applicable law under the Portal-to-Portal Act, and Plaintiff's Complaint cannot establish willful violation of the FLSA.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

172. To the extent payments were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor, Defendants cannot be liable for relief or recovery.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

173. Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and the New York Labor Law.

## AS AND FOR A NINTH AFFRIMATIVE DEFENSE

174. Plaintiffs' claims are barred, in whole or in part, under the doctrines of waiver, laches, estoppel, ratification, acquiescence, or unclean hands.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

175. Plaintiffs' claims, or the claims of the proposed class or collective, are barred, in whole or in part, under the doctrine of payment as Defendants have already tendered some or all of the payments claimed to be owed.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

176. Plaintiffs' claims are barred, in whole or in part, under the Doctrine of Avoidable Consequences or Ellerth/Faragher Defense.

WHEREFORE, for the foregoing reasons, Defendants requests that judgment be granted as follows:

A. Dismissing the Complaint;

B. Awarding such other and further relief as this Court deems just and proper, including legal fees, costs and disbursements, and interest on the foregoing.

Dated: November 17, 2018
    New York, NY

VARACALLI & HAMRA, LLP

/s/ ANTHONY R. PORTESY
Anthony R. Portesy (AP-1986)
*Attorneys for Defendants*
32 Broadway, Suite 1818
New York, NY 10004
Tel.: (646) 590-0571
Fax.: (646) 619-4012
E-mail: aportesy@svhllp.com